

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Marvin Hall
Commissioner, Fire Insurance Division
Austin, Texas

Dear Sir:

Attention: Mr. Girard Kinney, Super-
visor, Agents' Licenses.

Opinion No. 0-2585
Re: Should the Insurance Department
of Texas charge New Hampshire
Companies a fee of $2. for all
soliciting agents operating out
of recording agencies which have
been appointed by said New Hamp-
shire companies?

Your recent request for an opinion of this Department, by letter
dated July 31, in which you submitted the above question, is predicated
upon the following information taken therefrom:

"According to information which this office has been able
to obtain from the Commissioner of Insurance of New Hampshire, it
would appear that for all working purposes, the New Hampshire
system is identical with that of Kansas and that the ruling
furnished us by your Department relative to the Kansas matter
would also apply to companies domiciled in New Hampshire. The
outstanding difference in the procedure followed in these two
states is the fact that in Kansas, a fee is charged for each
individual; whereas, in New Hampshire, a fee is charged for the
firm as a whole; however, from numerous statements made by the
Commissioner of Insurance of New Hampshire, it would appear that
each sub-agent working for an agency must have a separate license
for which a $2.00 fee is charged each company he represents. It is
our belief that the controversy arises out of the fact that the
agency system of Texas differs so greatly from that of New
Hampshire.

"From all available data, it appears that the New Hampshire
system is this: Before an individual may solicit or write bus-
iness, a license must be obtained for him from the New Hampshire
Insurance Department by the insurance company. A fee of $2.00
is charged for this license. In an agency in which more than
one person comprises the firm and in which numerous sub-agents

are employed, the same type of license is held by the firm and each sub-agent. The same fee is charged, and the agents cannot produce business for any company for which they have not been properly licensed. In Texas, on the other hand, a recording agency is appointed for various companies. The agency in turn, appoints various solicitors, and since Texas law requires only one of the companies in the agency's office to join in the appointment, it is quite probable that most of the companies represented by the recording agency have no knowledge of the number or identity of the solicitors working out of their agency's office; however, any one of the solicitors licensed to represent the recording agency has authority to produce business which may be placed by the agency with any of the companies for which it is licensed.

"Our contention in the premises is this: that inasmuch as a Texas company must pay $2.00 to the Department of Insurance of New Hampshire for every agency and sub-agent holding authority in the State of New Hampshire to produce business for said Texas company, this Department must, in order to properly enforce the Retaliatory Law, Art. 4758, exact a similar fee against a New Hampshire company doing business in Texas for all agencies and solicitors holding authority in this state to produce business in this state for said New Hampshire company. For the purpose of applying this law, it would seem to us that a solicitor in Texas is the same as a sub-agent in New Hampshire."

Accepting the information above quoted from your letter as correct, that each sub-agent working for a New Hampshire agency is assessed a $2. license fee charged for each company he represents, we see no reason why your action in applying the retaliatory assessment on the number of solicitors in Texas representing the New Hampshire company and working out of its Texas recording agency, is not proper. For the purpose of applying the retaliatory law, there is no material distinction between a sub-agent in New Hampshire and a solicitor in Texas. And further, the fact that the agent's license fee is charged for the agency and not each individual composing the agency does not concern the question here, involving "solicitors" or "sub-agents" working out of and producing business through such agencies. The issuance of licenses in this respect by the Commission of Insurance in the State of New Hampshire is similar to those issued in Texas. Section 3, Article 5062a, Vernon's Civil Statutes of Texas, provides in part as follows:

". . . The board is authorized to issue licenses to firms or to individuals engaging as partners in the insurance business provided the names of all persons interested in such firm are named in the license, and provided, further, that all licensed agents must be residents of Texas . . . ."

Section 2, Article 5062a, Vernon's Civil Statutes, defines the term "solicitor" as follows:

"By the term 'solicitor' is meant a person officing with, and engaged in, soliciting insurance on behalf of a Local Recording Agent, who does not sign and execute policies of insurance, and who does not maintain company records of such transactions. . . ."

It will be noted that Section 1 of said statute specifically classifies "solicitors" as "insurance agents." While the above quoted Section 2 of the Act limits the authority of solicitors in some respects, their acts in soliciting or producing insurance business, such as being furnished with application blanks, procuring signatures to same, collecting and transmitting premiums and delivering policies and receipts are those generally engaged in by "sub-agents," "special" agents, or by whatever name they may be called.

In conclusion, we think our opinion O-1997 applicable to the question here presented and it is our further opinion that your department is authorized to charge New Hampshire companies a fee of $2. for all soliciting agents holding authority to solicit business for said foreign companies and operating out of Texas recording agencies which have been appointed by said New Hampshire companies.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. R. King
Wm. J. R. King
Assistant

APPROVED AUG 21, 1940

/s/ Grover Sellers

FIRST ASSISTANT ATTORNEY GENERAL

WJRK:AMM-ds

APPROVED
OPINION
COMMITTEE
BY /s/ B.W.B.
CHAIRMAN